## CHARLIE DAVIS v. STATE.

No. A-6668.   Opinion Filed July 27, 1929.
(279 Pac. 913.)

Wieck & Armstrong, for plaintiff in error.

Roy R. Carver, Co. Atty., for the State.

CHAPPELL, J.   Charlie Davis, plaintiff in error, was informed against, tried, convicted, and sentenced to

be confined in the county jail of Kay county for a term of 30 days and pay a fine of $200 for unlawfully having possession of intoxicating liquor with intent to sell the same.

The judgment and sentence was pronounced on the 9th day of April, 1927, from which judgment and sentence an appeal was attempted to be taken by filing with the clerk of this court on June 25, 1927, a petition in error with case-made attached and proof of the services of notice of appeal. On the 19th day of September, 1928, the cause was submitted on the record and brief of plaintiff in error.

Section 2808, Comp. St. 1921, provides in part as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. * * *"

In this case the time for filing the appeal expired on the 9th day of June, 1927. This cause was not filed in this court until the 25th day of June, 1927. This court has uniformly held that, in order to give this court jurisdiction, the appeal must be filed with the clerk of this court within the time in which an appeal may be taken, as prescribed by section 2808, Comp. St. 1921.

The statute requiring appeals in misdemeanor cases to be taken within 60 days and permitting the trial court or judge for good cause shown to extend the time not exceeding 60 days is a reasonable statute calculating to promote swift and sure justice. Where no extension of time in which to file the appeal is granted by the trial court or judge, and where the petition in error is not

filed in this court until 76 days after the rendition of judgment of conviction, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

The cause is therefore dismissed, and the cause remanded to the county court of Kay county, with directions to enforce the judgment and sentence.

DAVENPORT, J., concurs.

EDWARDS, P. J., not participating.